**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 21 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>STEPHEN LEE SELDON, M.D.,<br><br>Defendant - Appellant. | No. 11-10028<br><br>D.C. No. 2:07-cr-00135-KJD-LRL-1<br><br><br>MEMORANDUM[*] |
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>DEBORAH MARTINEZ SELDON,<br><br>Defendant - Appellant. | No. 11-10034<br><br>D.C. No. 2:07-cr-00135-KJD-LRL-2 |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted December 9, 2011
San Francisco, California

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: TROTT and BEA, Circuit Judges, and STAFFORD, Senior District Judge.[**]

Stephen Seldon and Deborah Martinez Seldon appeal the district court's denial of their motion for a new trial after their convictions of fourteen counts of mail fraud, 18 U.S.C. § 1341, and one count of misbranding a drug, 21 U.S.C. §§ 331(k) and 333(a)(2). Because the facts are familiar to the parties, we recite them here only as necessary to explain our decision. The Seldons argue that the prosecution violated Brady v. Maryland, 373 U.S. 83 (1963), by not discovering and disclosing Livdahl's affidavit filed in a separate federal case in Florida -- an affidavit that flatly contradicted Livdahl's testimony at the trial that the Seldons purchased over a hundred vials of TRItox on January 13th or 14th, 2005. We review de novo a district court's denial of a new trial based on the alleged failure of the government to comply with its Brady obligations, United States v. Ross, 372 F.3d 1097, 1107 (9th Cir. 2004), and we affirm.

We need not decide whether the affidavit was "suppressed" within the meaning of Brady and Kyles v. Whitley, 514 U.S. 419 (1995), because the affidavit is not material; that is, there is no "reasonable probability that, had the evidence

---

[**] The Honorable William H. Stafford, Jr., Senior District Judge for the U.S. District Court for Northern Florida, sitting by designation.

2

been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682 (1985).

Although our review of this issue is de novo, we note that the district judge concluded, after hearing all of the evidence, that the affidavit "would not have affected the jury's verdict." Although we do not accord deference to the court's judgment, we do not ignore it either. As the district court observed, Livdahl admitted on the stand that he had committed perjury and was expecting some sort of benefit from the government as a result of his testimony against the Seldons. The district court also properly instructed the jury that they should be more critical of Livdahl's testimony than that of other witnesses.

Moreover, Livdahl's brother testified that he and Livdahl altered the Seldons' computer records to cover up their use of TRItox, and a software engineer confirmed that over 1,000 records had been altered. Elizabeth Long testified that Dr. Seldon told a room full of seminar attendees that because TRItox could be diluted with 10 ccs "versus the 2 to 3" ccs with Botox®, "he was able to charge the same and actually have more product -- more medication than you would with the regular Botox." She also saw him inject TRItox into a volunteer, refuting Dr. Seldon's testimony that he used TRItox only on himself.

Finally, the affidavit's statement that Livdahl had not sold any TRItox during the relevant time period is not a "'new and different ground of impeachment.'"  Barker v. Fleming, 423 F.3d 1085, 1097 (9th Cir. 2005) (quoting Silva v. Brown, 416 F.3d 980, 989 (9th Cir. 2005)).  Livdahl's proffer of guilty plea filed in the Florida case, about which Livdahl was cross-examined at trial, contained a similar statement -- that the conspiracy to sell TRItox ended a few days before the alleged secret sale.

AFFIRMED.